GULOTTA, Judge.
Shell Oil Company has filed a motion to dismiss that part of defendant’s appeal relating to alleged state anti-trust violations on the grounds that the appeal was untimely filed, and the matter is now res judicata. See LSA-R.S. 51:134.[1]
*904 Plaintiff filed suit for the balance owed by defendant, a service station franchise dealer, on a promissory note. In an Amended Answer and Reconventional Demand, Kennedy complains that plaintiff breached its contractual obligation to furnish technical guidance and management consulting services resulting in the business failure. Defendant seeks damages for the loss incurred. In a First Supplemental and Amending Petition in Reconvention, Kennedy alleges plaintiff conspired to control the price and quality of petroleum products in violation of the state anti-trust laws relating to restraint of trade and commerce. In this demand, defendant seeks also damages and ouster of the plaintiff corporation from the state and liquidation of its affairs in accordance with LSA-R.S. 51:121 et seq. and particularly, LSA-R.S. 51:137 and LSA-R.S. 51:139. In a subsequent supplemental and amended petition in reconvention (labeled by defendant “Fourth Supplemental and Amending Petition in Recon-vention”), defendant alleges a violation of the Federal anti-trust laws.
Based on a release entered into between Shell Oil and Kennedy, the trial judge rendered judgment on March 26, 1975, and a corrected judgment dated March 27, 1975 in which he maintained an exception of res judicata to all demands asserted in recon-vention and particularly the demands asserted in the original Reconventional Demand, the First Supplemental and Amended Reconventional Demand and the subsequent Supplemental and Amended Recon-ventional Demand. A Motion for New Trial was denied on April 22, 1975 and certification was made by the clerk that notice was sent to the attorneys for the parties on the same date. The Motion for Appeal was filed on June 1, 1975.
LSA-R.S. 51:134 provides that where state anti-trust violations are alleged and a judgment has been rendered on exceptions, the, party cast has five days from date of judgment to file an appeal. Otherwise, the judgment is res judicata. In the instant case, the appeal from the judgment dismissing, by exception, defendant’s recon-ventional demand based on state anti-trust violations was not timely filed. Accordingly, that part of the appeal relating to the claim of state anti-trust violations (as contained in the First Supplemental and Amending Petition in Reconvention) is dismissed. That part of the appeal from the judgment maintaining the exception of res judicata to the claims for damages for breach of contract (original Reconventional Demand) and for violation of Federal anti-trust statutes (the Second Supplemental and Amended Petition in Reconvention labeled “Fourth Supplemental and Amending Petition in Reconvention”) is not dismissed and remains viable. See LSA-C.C.P. art. 2087 relating to delay for taking a devolutive appeal. Accordingly, the motion to dismiss the appeal, insofar as the state anti-trust claim is concerned, is granted. In all other respects, the appeal remains in full force and effect.

Appeal dismissed in part.

. LSA-R.S. 51:134 reads as follows:
“§ 134. Exceptions to be filed in limine litis; answer; trial; preference
“In all cases under this Part the defendant shall file all exceptions in limine litis, or if necessary in the alternative, after the usual delays, and any additional delays as the court may allow; however, a plea to the jurisdiction is not waived by other pleas or exceptions filed. The judge shall take up such exceptions in preference over all other business and shall decide all questions raised in the exceptions within ten days after submission, and his ruling shall have the effect of res judicata, unless the party cast shall appeal witMn five days. The appeal is returnable within ten days to the appellate court which shall hear and determine the case within forty days. If the exceptions are overruled by final judgment of the appellate court, the defendant shall file his answer covering all questions of controverted fact within fifteen days, and the case may be set for trial on the application of either party, which case the judge shall consider in preference over all other business.” (emphasis ours)